613 A.2d 159

**BLAIR CANDY COMPANY, INC., Appellant,**

v.

**ALTOONA AREA SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1992.

Decided July 28, 1992.

Michael W. Chorazy, for appellant.

James R. Huff II, for appellee.

Before COLINS and PELLEGRINI, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Blair Candy Company, Inc. (Blair) appeals from an order of the Court of Common Pleas of Blair County which granted summary judgment in favor of Altoona Area School District (the School District) for non-payment of Blair's mercantile tax assessment.

Blair is a wholesale vendor of candies and cigarettes and is licensed as a cigarette stamping agency in the Commonwealth of Pennsylvania. Cigarette stamping agencies are authorized to purchase untaxed cigarettes, affix the cigarette tax stamps as evidence of the payment of the cigarette tax and distribute the stamped cigarettes pursuant to the provisions entitled

"Cigarette Tax" as set forth in Article XII of the Tax Reform Code [1] (the Code). As provided in Section 1216 of the Code, Blair receives a commission of three percent of the value of the tax stamps purchased from the Commonwealth as compensation for services and expenses incurred in affixing the stamps. Blair filed mercantile tax returns for the School District for the tax years 1976, 1977, 1978, 1979 and 1980 and claimed an exemption from its gross volume of business for the amount of cigarette taxes paid to the Commonwealth.

The School District filed an action in the Court of Common Pleas for non-payment of a portion of the mercantile taxes due. The court granted the School District's motion for summary judgment on the issue of tax liability and limited the trial to the question of damages. The court concluded that the mercantile tax was not prohibited as an impermissible duplication of a state tax under the Local Tax Enabling Act (the Act) [2]. In addition, the court decided that the General Assembly had not pre-empted the field of taxation of cigarettes, nor were the funds exempt because they constituted property of the Commonwealth. Blair filed an immediate appeal and alleges that the cigarette stamp taxes cannot be included in Blair's gross volume for purposes of the School District's mercantile tax because the Act prohibits municipalities from taxing funds collected as Pennsylvania sales tax.

The Act provides for the delegation of certain of the taxing powers of the legislature to the City of Altoona and Altoona Area School District. Specifically the statute provides that the local authorities shall *not* have the authority:

(12) To levy, assess and collect a mercantile or business privilege tax on gross receipts or part thereof which are: (i) discounts allowed to purchasers as cash discounts ... (ii) charges advanced by a seller for freight ... (iii) received upon the sale of an article of personal property ... (iv) refunds, credits or allowances ... (v) *Pennsylvania sales tax;* (vi) based on the value of exchanges ... (vii) of sellers

1. Act of March 4, 1971, P.L. 6, No. 2, art. XII, *as amended,* 72 P.S. §§ 8201–8297.

2. Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924.

from sales to other sellers ... or (viii) transfers between one department, branch or division.... (Emphasis added.) 53 P.S. § 6902(12). Blair contends that the General Assembly intended that the funds collected as cigarette tax be deemed a sales tax which may not be subject to a municipality's mercantile tax. The School District asserts that Blair failed to raise this argument before the court of common pleas. Fundamentally, Blair raises the same challenge raised before the trial court, that the School District did not have the authority to tax the funds under the Act. The appropriate test to determine whether a local tax duplicates a Commonwealth tax is:

> In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied.

*Commonwealth v. National Biscuit Co.*, 390 Pa. 642, 652, 136 A.2d 821, 825 (1958).

The School District would be prohibited from taxing the funds collected by Blair if, as Blair asserts, the cigarette tax is a sales tax. We do not think it is. The cigarette tax is an *excise tax* imposed at the specific rate of one and fifty-five hundredths of a cent per cigarette. Therefore, the cigarette tax is a *specific* tax, imposed at a stated dollar amount per item. By contrast, the Pennsylvania sales tax as set forth in Article II of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, No. 2, Article II, *as amended,* 72 P.S. §§ 7201–7282 (sales tax) is an *ad valorem* tax imposed on each separate sale at retail of tangible personal property or services at a rate of six percent of the purchase price to be collected by the vendor.

The cigarette tax is named an *excise* tax. An excise tax is defined as a tax on the enjoyment of a privilege or tax on the manufacture, sale or consumption of a commodity. Black's Law Dictionary 506 (5th Ed.1979). The cigarette tax is basi-

cally then a tax on the consumption of a commodity and no matter how many times a cigarette is sold in the Commonwealth, it is subject to the cigarette tax only once when the tax stamp is affixed pursuant to Section 1208 of the Tax Reform Code or never, if it is subject to an exemption under Section 1209 of the Code.

The cigarette tax is payable, arguably by any taxpayer of the Commonwealth who receives unstamped cigarettes on which taxes are neither paid nor exempted, but as a practical matter, it is payable by a licensed tax stamp agency as set forth in Section 1215 of the Code:

> (a) The department shall by regulation require every cigarette stamping agency or ultimate consumer, to use cigarette tax stamps to evidence the payment of the tax imposed by this article unless such stamps have been affixed to the packs of cigarette and properly cancelled before such cigarette stamping agency or ultimate consumer received them.

72 P.S. § 8215(a). The sales tax is collected by the vendor from the purchaser and paid over to the Commonwealth as provided under Section 202 of the Code, 72 P.S. § 7202.

Only one sale is taxable and used in computing the amount of tax due under the provisions entitled "Cigarette Tax", Section 1208 of the Code. There is no such limitation on the imposition of a tax on the use of cigarettes. We find the list of exclusions from the sales tax set forth in Section 202 of the Code instructive. Cigarettes are not excluded from sales tax in spite of the fact that other items subject to excise taxes are specifically excluded [3]. Furthermore, cigarettes were once excluded from the Sales and Use Tax, but Act 1983-29 [4] repealed this exclusion. Thus, while other tobacco products are taxed only once under the sales tax, cigarettes are subject to two taxes.

It is clear that whatever else the cigarette tax is, it is *not* a sales tax and we can see no reason that the funds should not be considered gross volume derived from business for pur-

[3]. For example, the legislature has specifically exempted retail sales of gasoline from the sales tax. 72 P.S. § 7204(11).

[4]. Act of July 21, 1983, P.L. 63, No 1983-29, § 7204.

poses of the Altoona mercantile tax. Blair argues that these funds are not derived from business because "[t]his money is not due to the efforts of the business person, nor is it given for some product or service." (Appellant's Brief, p. 11.) We cannot agree. Blair is entitled to a commission equal to three percent of the value of all cigarette stamps purchased by it "as compensation for his or her services and expenses as agent in affixing such stamps." 72 P.S. § 8216. Clearly, these funds are due to the efforts of Blair in securing the stamping agency license to increase the efficiency and profitability of its business. Moreover, we think the specific wording of the statute indicates an intent that the commission paid be considered compensation which is subject to local taxation under the Local Tax Enabling Act. Considering the foregoing, we affirm.

## ORDER

NOW, July 28, 1992, the order of the Court of Common Pleas of Blair County, dated October 19, 1990, at Nos. 2257 and 2258 C.P.1981, is affirmed.